PEARL A. LITTLE *v.* STATE OF MISSISSIPPI.

[40 South. Rep., 165.]

1. CRIMINAL LAW. *Homicide.* *Evidence.* *Defendant's declarations.*

     Exculpatory statements, made by a homicide after the fatal blow, not being part of the *res gestae*, are not admissible in evidence in his behalf.

2. SAME. *Justification.* *Prevention of felony.*

     A defendant may justifiably strike the antagonist of his brother a fatal blow, if he strike in defense of the latter's life, although the brother was the aggressor in the combat, if he began it without the means or reasonably apparent intent to kill his antagonist or do him great bodily harm.

FROM the circuit court of Copiah county.

HON. DAVID M. MILLER, Judge.

Little, the appellant, was indicted and tried for and convicted of manslaughter—the killing of one Eli Hilton; sentenced to five years' imprisonment in the state penitentiary, and appealed to the supreme court.    The first instruction given for the state was in these words:

"The court instructs the jury that if they believe from the evidence, beyond a reasonable doubt, that defendant's brother was the aggressor, and that decedent struck him in defense of himself and was in the act of striking him again in defense of his person or his life, and while attempting to strike again the defendant struck decedent with an ax and killed him, then defendant is guilty as charged; and this is true, even though you may believe that defendant struck decedent with an ax for the purpose of saving his brother's life or his person from injury at the hands of decedent."

The testimony tended to show that defendant struck the fatal blow to prevent the killing of his brother by decedent, they being in a conflict begun by the brother.

The exculpatory statement referred to in the opinion of the court was made by defendant five minutes after he had struck the fatal blow, when the decedent's body had been carried to a house one hundred yards distant from the place of the conflict, and was to the effect that he (defendant) struck deceased because deceased was trying to hit defendant's brother with a potato digger.

*R. N. Miller, H. B. Miller,* and *M. S. McNeil,* for appellant.

The first charge given for the state in effect told the jury that if Frank Little was the aggressor in a fist fight, and Hilton was apparently about to kill him, the defendant could not 'strike with an ax to save his brother's life.    The utter absurdity of this proposition needs no argument.    It speaks for itself; it told the jury that if Frank was the aggressor, and if Hilton struck Frank in defense of himself and was in the act of striking him

again in defense of his person or his life, and thereupon defend-
ant struck him with an ax and killed him, he was guilty of man-
slaughter, even though he struck in necessary defense of his
brother's life.    In other words, Pearl Little was cut off from
necessary defense of his brother's life, simply because the brother
was the aggressor—whether in a fist fight or a deadly combat is
not stated; we are left to infer this material fact.    The only
ground on which any man .is estopped to plead self-defense' is
that he is the aggressor, armed with a deadly weapon provided
for the purpose of killing his adversary in a conflict he intends
to provoke in order to get a chance to kill, or is the aggressor
thus armed with a weapon provided to overcome his adversary in
the difficulty he provokes, if it becomes necessary.    There are a
dozen reasons why this charge, even if it stated this rule cor-
rectly, should not have been given in this case.    Chief of these
is that all the evidence admits that the ax was "not provided for
any purpose to overcome adversaries."    Appellant was at work
with the ax.    The quarrel between his brother and Hilton was
sudden, and if he struck in defense of his brother's life, he had
a right to defend his brother or any other human being on the
very same grounds he had to defend his own life, and can only
be cut off from that right under the same circumstances that he
would be in defending his own life.

If the charge had stated that Frank was the aggressor in a
difficulty he had provoked, armed with a deadly weapon provided
to kill, etc., and with full statement of grounds on which Frank
would be cut off from self-defense, and that appellant struck the
one assailed thus by Frank, then appellant, too, would be cut off
from self-defense.    In this case, however, it should have stated
that these grounds which cut off Frank from self-defense were
known to appellant.    In other words, if Frank was cut off from
self-defense by reason of being the aggressor, armed with a deadly
weapon provided for the purpose, etc., then Pearl was also, if
he knew these facts.    Frank was not cut off from self-defense by

simply being the aggressor in a fist fight, and neither was appellant cut off from the right to defend Frank's life.

For the true rule in this state as to the forfeiture of the right of self-defense, see *Prine* v. *State*, 73 Miss., 842 (s.c., 19 South. Rep., 711); Blalack's case, 79 Miss., 518 (s.c., 31 South .Rep., 105); Lofton's case, 79 Miss., 723 (s.c., 31 South. Rep., 420); Jones' case, 84 Miss., 194 (s.c., 36 South. Rep., 243).

*R. V. Fletcher*, assistant attorney-general, for appellee.

The testimony is certainly ample to support the verdict. The statements of the two sons of the deceased show that the fatal blow was struck at a time when deceased and Frank Little had ceased fighting, and when Frank could not have been in danger. The conflicting stories told by the Little brothers shortly after the difficulty, by which they sought to leave the impression that deceased pulled the ax down on himself, are sufficient to convince the court, as they did the jury, that their story was largely manufactured.

The contention is made that the declaration of defendant made about five minutes after the difficulty at the house of deceased, about one hundred yards from the spot where the homicide occurred, was part of the *res gestae* and should have been admitted. These statements are inadmissible under the authority of *King* v. *State*, 65 Miss., 576 (s.c., 5 South. Rep., 97); *Mayes* v. *State*, 64 Miss., 329 (s.c., 1 South. Rep., 733).

CALHOON, J., delivered the opinion of the court.

The court properly excluded the testimony offered in exculpation of defendant as to his statement made five minutes after the striking of the fatal blow.

The giving of the first instruction for the state was error. If defendant struck to save his brother's life, he was justified, even though his brother was the aggressor, unless the aggression was

with a means and with the reasonably apparent intent to kill or
do great bodily harm. The evidence sharply conflicts.

*Reversed and remanded.*